Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2855 | **DATE** | 6/12/2002 |
| **CASE TITLE** | SmithKline, et al. vs. Pentech, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs' Motion for Leave to Amend Their Complaint to Deem Case Exceptional and Recover Attorney Fees [169-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 211 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORP. and BEECHAM GROUP, p.l.c., | **DOCKETED** |
| Plaintiffs, | No. 00 C 2855  JUN 1 3 2002 |
| v. | No. 00 C 5831 |
| PENTECH PHARMACEUTICALS, INC. and ASAHI GLASS CO., LTD. | District Judge Blanche M. Manning |
| Defendants. | Magistrate Judge Nan R. Nolan |

## MEMORANDUM OPINION AND ORDER

This is a patent infringement action filed by plaintiffs SmithKline Beecham Corp. and Beecham Group, p.l.c. (collectively "SB") in response to the filing of an Abbreviated New Drug Application ("ANDA"), seeking FDA approval of a generic form of paroxetine hydrochloride, to which SB holds several patents. Before the Court is SB's Motion for Leave to Amend Their Complaint to Deem Case Exceptional and Recover Attorney Fees. In its motion, SB seeks to add a claim of willful infringement, arguing that several documents produced by defendants Pentech Pharmaceuticals, Inc. and Asahi Glass Co., Ltd.[1] reveal that the defendants willfully infringed SB's patents by filing, or inducing the filing, of the ANDA with the knowledge that the generic drug at issue in the ANDA infringed SB's patents. SB further claims that the willfulness allegation, plus

---

[1] Defendant Asahi Glass Co. ("AGC") filed a separate response to SB's motion, arguing that the proposed additional allegations improperly fail to distinguish between the defendants and that the proposed claims should not be leveled against AGC. The Court's decision in the matter makes it unnecessary to address these arguments or to distinguish between AGC and Pentech, who will be referred to collectively as "the defendants" in this opinion.



the defendants' alleged litigation misconduct, warrants a finding that this is an exceptional case in which SB should be awarded attorneys' fees. The defendants respond that SB's motion to amend was unduly delayed, will cause undue prejudice, and is futile. For the reasons that follow, SB's motion is DENIED.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Campania Mgmt. Co. v. Rooks, Pitts & Poust*, Nos. 01-1651, 01-1771, 2002 WL 981966, at *4 (7th Cir. May 14, 2002). The district court has the discretion whether to grant or deny a motion to amend. *Foman*, 371 U.S. at 182.

### A. Willful Infringement

SB first seeks leave to add to its complaint a count alleging that defendant Pentech willfully infringed SB's patents and that defendant AGC induced Pentech to willfully infringe the patents. SB claims that several documents produced by the defendants demonstrate that they had prior knowledge that the ANDA drug would infringe SB's patents, and therefore the filing of the ANDA was an act of willful infringement. The defendants argue that the motion to add the willfulness claim should be denied due to futility, delay, and undue prejudice.

1. *Futility*

A claim is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), meaning that the plaintiff could prove no set of facts to support the claim. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). It is possible to prove willful infringement even where, as in this case, the act of infringement is the mere filing of a paragraph IV ANDA certification. *See Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339 (7th Cir. 2000). Because it is possible that SB could prove a set of facts supporting its claim of willful infringement, the amendment is not clearly futile.

2. *Delay*

Defendants next argue that SB waited too long from the time it learned of facts supporting a willfulness claim before seeking the amendment, and that the delay is prejudicial. SB's motion comes six weeks before the scheduled end of fact discovery, and SB admits the motion was filed at least two weeks after the parties' understood deadline for amending the pleadings. SB argues that filing the amendment two weeks after the deadline is not *per se* unreasonable, and that the defendants have not shown the delay is prejudicial.

Delay alone is not reason enough to deny a motion to amend, but "'the longer the delay, the greater the presumption against granting leave to amend.'" *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citation omitted). Denial of a motion to amend "is particularly warranted" if the movant does not explain the reason for the delay and the amendment would cause further delay in the litigation and prejudice to the non-movant. *Lippert Mktg., Ltd. v. Kingwood Ceramics, Inc.*, No. 95 C 6490, 1997 WL 527282, at *3 (N.D. Ill. Aug. 19, 1997) (citing *Stone Container Corp. v. Arkwright Mut. Ins. Co.*, No. 93 C 6626, 1996 WL 238904, at *3 (N.D. Ill. May 2, 1996)).

SB offers no explanation for its failure to add a claim of willful infringement earlier in the litigation, even though it had in its possession a number of the documents on which it relies in making its willful infringement allegation for many months (and some for over a year) before it proposed the amendment. SB's failure to amend the complaint earlier was not the result of a mistake or an oversight. SB is a sophisticated litigant and has filed many complaints against generic drug manufacturers based on ANDA filings, some of which either included or added allegations of willfulness. SB was fully aware of the elements of a willful infringement claim yet failed to timely pursue it after learning of information it believed would support such a claim. SB's delay in this case is in strong contrast to its motion to add a willfulness claim in *SmithKline Beecham Corp. v. Apotex Corp.*, No 98 C 3952, 2000 WL 983937 (N.D. Ill. July 17, 2000). In that case, SB learned of facts supporting a willfulness claim on April 18, 2000 and timely filed its motion to amend on May 9, 2000. The fact that the motion in *Apotex* was filed near the discovery deadline of June 20, 2000 was therefore not due to any delay or dilatory tactics by SB. Here, however, SB's delay is wholly unjustified. Moreover, the timing of the motion and SB's failure to explain the reason for the delay lead the Court to suspect that SB's late attempt to amend the complaint was done for a dilatory purpose.

The Court is particularly concerned about delays in this ANDA case, because the Court takes very seriously its judicial responsibility to guide the case to its conclusion before the end of the thirty-month FDA stay. *See Glaxo, Inc. v. Torpharm, Inc.*, No. 95 C 4686, 1996 WL 288524, at *2 (N.D.Ill. May 30, 1996) ("It is presumed, however, that litigation arising from the ANDA procedure

will be treated with dispatch by the parties. Motions to amend which potentially prolong litigation brought under these provisions should, therefore, be scrutinized with great care.").[2]

### 3. *Undue Prejudice*

While a party's delay in seeking an amendment is a factor to consider with regard to a motion to amend, delay alone is not a sufficient reason to deny the motion if the non-moving party will suffer no prejudice from the delay. *See King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994). The movant has the burden of proving that the non-movant will not suffer prejudice if the amendment is allowed. *Id.* at 724.

The defendants argue they will be prejudiced if the motion is granted this late in discovery. Specifically, the defendants claim that the amendment will force them to decide between (1) asserting their advice of counsel defense to the willful infringement claim, thereby waiving the attorney-client privilege and extending fact discovery as well as the thirty-month stay and (2) not asserting the defense, thereby essentially admitting the willfulness allegation. SB responds that the defendants failed to meet their burden of proving they will be prejudiced by an amendment. SB further argues that the defendants will not be prejudiced by an amendment because, as long as they do not rely on an advice of counsel defense, there will be no need to extend the discovery deadline.

First, SB improperly attempts to shift the burden of proving prejudice to the defendants. The burden is on the movant to demonstrate that the motion will not unduly prejudice the non-movant.

---

[2]The Court does not mean to imply that under no circumstances could the thirty-month stay be extended. Indeed, the stay in this case has been extended more than once, at the request of and/or with the approval of the defendants. However, the Court is mindful of its responsibility to expedite the litigation and will closely examine the effect of and the motivation for any motion that will delay the case.

The fact that leave to amend is freely given under Rule 15(a) does not mean that the movant is relieved of any duty to make a proper showing.

Second, the Court finds that the defendants will be unduly prejudiced by the proposed amendment. The willfulness claim constitutes an entirely new theory of the case, requiring a new defensive strategy, and is not merely a change in the allegations of the complaint. *See Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *McCann v. Frank B. Hall & Co., Inc.*, 109 F.R.D. 363, 367 (N.D. Ill. 1986). In the face of an allegation of willfulness, an alleged infringer's failure to assert an advice of counsel defense "would warrant the conclusion that it either obtained no advice of counsel or did so and was advised that its [actions relating to] the accused products would be an infringement of valid U.S. patents." *Kloster Speedsteel AB v. Crucible, Inc.*, 793 F.2d 1565, 1580 (Fed. Cir. 1986). In response to the willfulness allegation, therefore, the defendants will be compelled to assert an advice of counsel defense or risk an unfavorable inference.[3]

The prejudice caused by the amendment is not limited to the fact that the defendants have to waive the attorney-client privilege for any documents supporting an advice of counsel defense. Substantial written and oral discovery relating to the willfulness claim will be necessary, meaning that the fact discovery deadline will need to be extended several months past the current cutoff of June 14, 2002. The amendment will further delay and expand the scope of expert discovery, will postpone the scheduling of the trial, and will require an extension of the thirty-month stay. In

---

[3]This Court has previously reviewed some of the relevant documents *in camera*, (*see, e.g., SmithKline Beecham Corp. v. Pentech Pharmaceuticals, Inc.*, No. 00 C 2855, 2001 WL 1397876, *1 (N.D.Ill. Nov. 6, 2001)), and finds that the defendants will actually be faced with the dilemma. *See Quantum Corp. v. Tandon Corp.*, 940 F.2d 642, 643-44 (Fed. Cir. 1991) (noting that courts should give careful consideration to the infringer's dilemma if the communications "reveal that the defendant is indeed confronted with this dilemma").

addition, the defendants will have to produce a number of witnesses, some of whom will need to travel from Japan, for additional depositions.[4]

SB's unexplained delay in seeking to add a willfulness claim to the complaint, coupled with the resulting prejudice to the defendants, their witnesses, the Court, and the public, *see Glaxo*, 1996 WL 288524, at *3, leads the Court to conclude that SB's motion to amend the complaint to add a claim of willful infringement should be denied for undue delay and prejudice.

### B. <u>Exceptional Case</u>

SB next seeks to amend its prayer for relief to include a request that the case be deemed exceptional under 35 U.S.C. § 285, which provides that courts may award reasonable attorneys' fees to prevailing parties "in exceptional cases." SB's proposed amended complaint seeks an exceptional case finding based only on the willful infringement claim. SB argues in its briefs that these case should also be deemed exceptional due to the defendants' alleged litigation misconduct. Because SB's motion to add a willfulness allegation is denied, this proposed amendment will be examined only as it relates to the allegation of litigation misconduct.

The Court would first like to express its concern about and disappointment with the allegations of misconduct made by SB against the defendants. Until recently, the parties in the case communicated well and were able to navigate their way through many issues and disputes in a professional manner without the Court's intervention. Unfortunately, their relationship has taken a turn for the worse in the last few months, and the Court is deeply troubled by the change in the tone of the case, which had been proceeding toward trial in a timely manner. The Court, however,

---

[4]This burden to the defendants and their deponents is completely unjustified, because SB had the opportunity to question these witnesses about the willfulness issue and/or the relevant documents in their original depositions.

expressly declines to decide whether any of the acts alleged by SB amount to misconduct warranting a finding that this should be deemed an exceptional case. The Court finds instead that the exceptional case determination will more properly be made by the district court after trial, when these allegations can be viewed in light of all the relevant evidence and circumstances. The Court wishes to emphasize that its silence should in no way be interpreted as a finding that the claims do or do not have merit.

Finally, the Court notes that SB will not suffer any hardship if it is not allowed to amend the complaint, because all of the parties will have an opportunity to argue for an exceptional case finding at trial. As SB acknowledges, the district court will have the discretion to find this an exceptional case and award attorneys' fees to any of the parties whether or not SB prays for the relief in its complaint.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Their Complaint to Deem Case Exceptional and Recover Attorney Fees is DENIED.

**ENTER:**

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: June 12, 2002